JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Charles Frazier, appeals the judgment of the Cuyahoga County Common Pleas Court convicting him of several sex-related charges after a jury found him guilty of these offenses. For the reasons that follow, we reverse and remand.
 {¶ 2} The record reveals that two multi-count indictments were returned against appellant charging him with several sex-related offenses involving two young relatives. In case No. 430199, appellant was charged with three counts of kidnapping, in violation of R.C. 2905.01; (2) two counts of rape, in violation of R.C. 2907.02; (3) two counts of gross sexual imposition, in violation of R.C. 2907.05; and (4) attempted rape, in violation of R.C. 2923.02/2907.02. Six of the eight counts contained in this indictment (two counts each for kidnapping, rape and gross sexual imposition) involved a cousin of appellant, referred to as "Victim I," who, at the time of the offenses, was staying with her grandmother in an apartment near appellant. The conduct giving rise to these counts occurred in the summer of 1996, when Victim I was eight years old and appellant was approximately 15 years old.[1] The remaining counts for kidnapping and attempted rape involved another cousin referenced in case No. 422107 and referred to in this opinion as "Victim II." Each count of kidnapping contained sexual motivation specifications.
 {¶ 3} In case No. 422107, appellant was charged with (1) gross sexual imposition, in violation of R.C. 2907.05; (2) kidnapping, in violation of R.C. 2905.01; and (3) attempted gross sexual imposition, in violation of R.C. 2923.02/2907.05. As previously stated, the victim in this case, "Victim II," is also related to appellant and, at the time of the offenses, lived in the same apartment building as appellant. The conduct giving rise to this indictment occurred in December 2001, when Victim II was 11 years old.
 {¶ 4} The state moved to join the two indictments for trial or, in the alternative, to introduce "other acts" testimony. The state argued that the two cases involved conduct of similar character, indicated a course of criminal conduct and constituted a common scheme or plan. Appellant opposed the motion, arguing that he would be unfairly prejudiced if the cases were tried together. The trial court granted the state's motion and, as consolidated, the case proceeded to jury trial.
 {¶ 5} At trial, the state presented the testimony of both victims, among others. Succinctly, Victim I testified that sometime in June 1996, when she was approximately eight years old, she went to appellant's apartment on an errand for her grandmother. Once there, she testified that appellant grabbed her arm, put her in his room and pushed her onto his bed. Victim I testified that she tried repeatedly to get up, but appellant kept pushing her down. She further testified that she kept her eyes closed the entire time and, although she could not recall many details, that appellant "stuck his penis in [her] vagina." Victim I testified that the same thing happened approximately three weeks later when her grandmother made a similar request.
 {¶ 6} Victim II testified that she was watching television at appellant's house sometime in December 2001 when she got up to get a glass of water from the kitchen.[2] As Victim II was returning to watch television, appellant" put [her] on the wall" and was "putting his hand like up towards [her] chest." Although she testified that appellant did not touch her chest, his hand was on her stomach underneath her shirt "going towards [her] chest * * *." Victim II was able to push away from appellant and return to her own apartment. Victim II further testified that sometime in January 2002, appellant came to her apartment when just she and her sister were home. While Victim II was sitting on the couch watching television, appellant sat next to her, grabbed her arm, put his hand on her knee in an attempt to separate them and said, "Let's do it," to which Victim II declined. Victim II was able to push appellant away and told him to leave the apartment, which he did.
 {¶ 7} At the close of the state's case, the court granted appellant's motion for acquittal as to the gross sexual imposition charge involving Victim II contained in case number 422107 and the sexual motivation specifications from the two counts of kidnapping involving Victim I in case number 430199. Appellant's motion was otherwise denied. Appellant thereafter presented the testimony of the grandmother of appellant and both victims, among others. The grandmother testified that she never sent Victim I on any errands for her.
 {¶ 8} As pertains to Victim I, the jury ultimately found appellant guilty of two counts of kidnapping, two counts of rape and two counts of gross sexual imposition as charged in case number 430199. As pertains to Victim II, the jury found appellant guilty of kidnapping and attempted gross sexual imposition as charged in case number 422107 and a lesser included offense of attempted rape,[3] as charged in case number 430199. The jury found appellant not guilty of kidnapping Victim II as charged in case number 430199. Appellant was sentenced accordingly.
 {¶ 9} Appellant is now before this court and assigns seven errors for our review. We need only address appellant's first assignment of error, however, because it is dispositive of this appeal. See App.R. 12(A)(1)(c).
 {¶ 10} In this assigned error, appellant contends that the trial court erred in joining the offenses involving Victim I and Victim II for trial. In particular, he argues that the joinder of offenses was prejudicial because admission of "other acts" evidence would have been inadmissible if the offenses had been tried separately. The state disagrees and maintains that the evidence would have been admissible under Evid.R. 404(B).[4]
 {¶ 11} In general, the law favors joining multiple offenses in a single trial if the offenses charged are of the same or similar character. State v. Lott (1990), 51 Ohio St.3d 160,163; see, also, State v. LaMar, 95 Ohio St.3d 181, 191-192,2002-Ohio-2128. Crim.R. 8(A) provides as much and permits the joinder of offenses where "[t]wo or more offenses * * * are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts of transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." Crim.R. 13 further permits a court to "order two or more indictments * * * to be tried together, if the offenses * * * could have been joined in a single indictment * * *." Consequently, joinder is appropriate where the evidence is interlocking and the jury is capable of segregating the proof required for each offense.State v. Czajka (1995), 101 Ohio App.3d 564, 577-578. Nonetheless, if it appears that a criminal defendant would be prejudiced by such joinder, then the trial court is required to order separate trials. Crim.R. 14.
 {¶ 12} Prejudice is not demonstrated if one offense would have been admissible as "other acts" evidence under Evid.R. 404(B) or if the evidence of each crime joined at trial is simple and direct. Lott, 51 Ohio St.3d at 163. As long as used for purposes other than proving that the accused acted in conformity with a particular character trait, Evid.R. 404(B) permits the admission of "other acts" evidence if it is "related to and share[s] common features with the crime in question." State v.Lowe (1994), 69 Ohio St.3d 527, paragraph one of the syllabus. In particular, evidence of other crimes, wrongs or acts is admissible under this rule if the evidence shows "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evidence of other crimes, wrongs or acts is inadmissible merely to show that an accused has the propensity to commit crime. Evid.R. 404(B).
 {¶ 13} When a defendant claims that he or she was prejudiced by the joinder of multiple offenses, the court must determine (1) whether evidence of the other crimes would be admissible even if the counts were severed; and (2) if not, whether the evidence of each crime is simple and distinct. State v. Schaim (1992),65 Ohio St.3d 51, 59, citing State v. Hamblin (1988),37 Ohio St.3d 153, 158-159 and Drew v. United States (C.A.D.C.,1964),331 F.2d 85. "If the evidence of other crimes would be admissible at separate trials, any `prejudice that might result from the jury's hearing the evidence of the other crime in a joint trial would be no different from that possible in separate trials,' and a court need not inquire further." Id., citing Drew v. UnitedStates, 331 F.2d at 90 and United States v. Riley (C.A. 8, 1986), 530 F.2d 767. Accordingly, we must determine the extent to which evidence of each of these crimes would be admissible in other trials if the counts were severed as requested by appellant.
 {¶ 14} In discussing the dangers associated with admitting other acts evidence in a case where the offenses included several counts of rape and gross sexual imposition, the Schaim court stated:
 {¶ 15} "The admissibility of other acts evidence is carefully limited because of the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed the crime charged in the indictment. * * * This danger is particularly high when the other acts are very similar to the charged offense, or of an inflammatory nature, as is certainly true in this case. The legislature has recognized the problems raised by the admission of other acts evidence in prosecutions for sexual offenses, and has carefully limited the circumstances in which evidence of the defendant's other sexual activity is admissible. The forcible rape statute and the gross sexual imposition statute both contain subsections that address the admissibility of evidence of other sexual activity by either the victim or the defendant. * * * The legislature has further provided that a court shall resolve the admissibility of other evidence of sexual activity in chambers `at or before preliminary hearing and not less than three days before trial, or for good cause shown during the trial.'" (Citations omitted.) Id. at 59-60.
 {¶ 16} We do not find that evidence of appellant's other sexually-related acts would have been admissible had the offenses against each victim been tried separately. Victim II's testimony regarding appellant's sexual conduct towards her would not have been admissible to prove that appellant raped Victim I. What happened between appellant and Victim II was not relevant to the rape charge involving Victim I. At issue in the trial on the charges of rape involving Victim I was the victim's credibility. Identity was not at issue because, if Victim I was telling the truth, there was no question that appellant was the perpetrator. As pertains to the testimony of Victim I regarding the offenses involving Victim II, evidence that appellant exhibited a pattern of isolating young relatives for the purpose of sexual gratification may be admissible. Even if appropriately limited, however, any testimony regarding the rape of Victim I would be inadmissible because the prejudice to appellant would outweigh its probative value.
 {¶ 17} The joinder of the two charges allowed the jury to hear evidence of other acts that would not have been admissible at separate trials. None of the other exceptions contained in Evid.R. 404(B) apply to make evidence of appellant's other acts admissible. What remains to be determined is if a finding of prejudice is precluded because the evidence is "simple and distinct."
 {¶ 18} We make no such finding. As in Schaim, the offenses in this case are highly inflammatory in nature. Sexually-related offenses elicit emotional outrage, even more so when those offenses involve children. This, combined with the fact that the offenses against each victim varied in degree and that the testimony by each victim was similar, the fact-finder would have had a very difficult time looking at the evidence supporting each offense as simple and distinct because the temptation would be too great to respond to the evidence emotionally rather than rationally.
 {¶ 19} This is particularly evident in the jury's guilty verdict on the charge of attempted rape of Victim II. Notwithstanding that the trial court ignored the law regarding attempted rape, the jury most likely would not have convicted appellant for this offense involving Victim II but for the otherwise inadmissible testimony regarding the rape of Victim I. Victim I's testimony was that appellant was seated next to her on a sofa, put his hand on her knee, grabbed her arm and said, "Let's do it." When Victim II refused, she pushed away from appellant and he left the apartment. On this evidence, there could be no "substantial step" toward rape as is required to support a conviction for attempted rape. See State v. Davis
(1996), 76 Ohio St.3d 107, 114. Had these offenses against each of the victims been tried separately and evidence of other acts appropriately limited, it is unlikely that appellant would have been convicted of attempted rape. Instead, the jury heard the details of the evidence supporting the charges of rape involving Victim I and, most likely, concluded that appellant had the propensity to commit the same crime against Victim II on evidence that would otherwise be insufficient to support a conviction for attempted rape.
 {¶ 20} Accordingly, we find that appellant was prejudiced by the consolidation of the offenses for trial. Appellant argued as much when he opposed the joinder of offenses for trial. He anticipated that each of the victims' testimony would be used to bolster the other's. The trial court refused to consider appellant's arguments or to even hold a hearing on the admissibility of other acts testimony. As such, we find that appellant sufficiently demonstrated prejudice by the trial court's decision to consolidate the offenses against both victims for trial and, therefore, the court abused its discretion in doing so.
 {¶ 21} Appellant's first assignment of error is well taken and is sustained.
 {¶ 22} Reversed and remanded for new, separate trials for each victim.
 {¶ 23} This cause is remanded for further proceedings consistent with the opinion herein.
Blackmon, P.J. concurs in judgment only.
 Rocco, J., concurs in judgment only.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Because appellant was a juvenile at the time the offenses were allegedly committed, the charges against appellant were originally brought in the Juvenile Division. Appellant was bound-over to common pleas court and a grand jury ultimately returned the aforementioned indictment against appellant.
[2] At the time of these offenses, appellant resided with his mother in an apartment in the same building as Victim II's apartment.
[3] The lesser included offense of attempted rape omitted the element of force but included the under-13 age element.
[4] The state, relying on State v. Owens (1975),51 Ohio App.2d 132, also argues that appellant failed to preserve this error for review because he did not renew his objection to the joinder of offenses at the close of the prosecution's case or the close of all evidence. Our review of the record indicates that appellant opposed the state's motion for joinder and then again renewed his opposition after the jury was impaneled but before opening statements. We acknowledge that past decisions of this court and other appellate courts have opined that a criminal defendant must renew a request for severance either at the close of the state's case or the close of all evidence. See, e.g.,State v. Walker (2000), 140 Ohio App.3d 445, 456; State v.Saade, Cuyahoga App. Nos. 80705 and 80706, 2002-Ohio-5564, at ¶ 13. Subsequent decisions relying on Owens, however, involved fact patterns that demonstrated a complete failure of an accused to renew his or her objection to joinder at any time duringtrial. That is not the case here. Appellant not only renewed his objection to joinder before opening statements but also reiterated his request for an oral hearing on the issue of admission of his sexual activity as authorized by R.C. 2907.02(D) and 2907.05(D). The trial court denied both requests and the case proceeded to trial. Under the facts of this case, we find that appellant has sufficiently preserved this error for review.