JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Maurice Page ("Page"), appeals his convictions for several sexual offenses. He claims ineffective assistance of counsel based on counsel's failure to move for severance of the charges, contending that the cumulative effect of the alleged sexual offenses unfairly prejudiced him. Finding no merit to this appeal, we affirm.
 {¶ 2} In June 2003, Page was charged in a twenty-count indictment with rape, attempted rape, kidnapping, felonious assault, gross sexual imposition, aggravated robbery, having a weapon under disability, and possession of criminal tools. The indictment also contained numerous specifications for repeat violent offender, sexually violent predator, and notice of prior conviction. The events giving rise to the charges occurred in April and May 2003, involving three female victims.[1]
 {¶ 3} Prior to trial, the State dismissed one count of attempted kidnapping involving a fourth victim. Page moved to bifurcate the specifications and having a weapon under disability charge. The jury found him guilty of 18 charges, and the court found him guilty of having a weapon under disability and guilty of all the specifications. The trial court classified him as a sexual predator and sentenced him to a combined prison term of 51 years to life.
 {¶ 4} Page appeals, raising one assignment of error.
 {¶ 5} In his sole assignment of error, Page argues that his trial counsel was ineffective by failing to move for severance of the rape offenses pursuant to Crim.R. 14. He contends that he was prejudiced because the cumulative effect of the joinder precluded him from effectively arguing that the sexual encounters were consensual.
 {¶ 6} In a claim of ineffective assistance of counsel, the burden is on the defendant to establish that counsel's performance fell below an objective standard of reasonable representation and prejudiced the defense. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus; Statev. Lytle (1976), 48 Ohio St.2d 391, vacated on other grounds (1978), 438 U.S. 910; and Strickland v. Washington (1984),466 U.S. 668.
 {¶ 7} To prevail on a claim of ineffective assistance of counsel, the appellant must show that (1) "counsel's performance was deficient," in that "counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's "deficient performance prejudiced the defense," in that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington
(1984), 466 U.S. 668, 687.
 {¶ 8} In order to determine whether Page's counsel was deficient, we must determine whether severance was appropriate.
 {¶ 9} Crim.R. 8(A) provides:
{¶ 10} "Joinder of offenses. Two or more offenses may becharged in the same indictment, information or complaint in aseparate count for each offense if the offenses charged * * * areof the same or similar character, or are based on the same act ortransaction, or are based on two or more acts or transactionsconnected together or constituting parts of a common scheme orplan, or are part of a course of criminal conduct."
 {¶ 11} Generally, the law favors joining multiple offenses in a single trial under Crim.R. 8(A) if the offenses charged are of the same or similar character. State v. Lott (1990),51 Ohio St.3d 160, 163. As the Ohio Supreme Court stated in State v.Torres (1981), 66 Ohio St.2d 340, "joinder and the avoidance of multiple trials is favored for many reasons, among which are conserving time and expense, diminishing the inconvenience to witnesses and minimizing the possibility of incongruous results in successive trials before different juries."
 {¶ 12} However, if joinder would prejudice a defendant, the trial court is required to order separate trials. Crim.R. 14. It is the defendant who bears the burden of demonstrating prejudice and that the trial court abused its discretion in denying severance. State v. Hill, Cuyahoga App. No. 80582, 2002-Ohio-4585, citing State v. Coley, 93 Ohio St.3d 253,2001-Ohio-1340. A defendant's claim of prejudice is negated when: (1) evidence of the other crimes would have been admissible as "other acts" evidence under Evid.R. 404(B) or (2) the evidence of each crime joined at trial is simple and direct. Lott, supra, at 163; see, also, State v. Schaim, 65 Ohio St.3d 51, 59,1992-Ohio-31; State v. Franklin (1991), 62 Ohio St.3d 118, 122.
 {¶ 13} Under Evid.R. 404(B), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 14} Likewise, R.C. 2945.59 provides:
{¶ 15} "In any criminal case in which the defendant's motiveor intent, the absence of mistake or accident on his part, or thedefendant's scheme, plan, or system in doing an act is material,any acts of the defendant which tend to show his motive orintent, the absence of mistake or accident on his part, or thedefendant's scheme, plan, or system in doing the act in questionmay be proved, whether they are contemporaneous with or prior orsubsequent thereto, notwithstanding that such proof may show ortend to show the commission of another crime by the defendant."
 {¶ 16} Page does not dispute that the offenses satisfied the requirements for joinder under Crim.R. 8. Rather, he claims that his trial counsel should have moved to sever the offenses because the cumulative effect of the offenses prejudiced him. However, applying the above standards, we find that the evidence of each rape would have been admissible had the offenses against each victim been tried separately and, thus, Page cannot establish any prejudice.
 {¶ 17} In the instant case, the sexual offenses involved a specific pattern of conduct by Page during a six-week period. In each incident, Page got on top of the victim, "pinned" her arms down with his knees, forced each victim to perform oral sex, and anally penetrated each victim. Furthermore, he "choked" or "strangled" the victims when they resisted performing oral sex, and he threatened to kill them when they tried to call for help. This evidence negates Page's assertion of consent and proves intent, plan, and absence of mistake. Likewise, because Page used the same method in committing these sexual offenses, the offenses would be admissible to prove "scheme, plan, or system." SeeState v. Barnhart, Huron App. No. H-02-046, 2003-Ohio-4859 (refusing to sever rape, sexual battery, and rape counts involving different victims because the defendant utilized the same method with each victim).
 {¶ 18} Furthermore, Page's selection of each victim further evidenced a specific scheme and proved his intent in each case. The first incident occurred on April 10, 2003, involving a 23-year-old female who previously had consensual sexual relations with Page. The rape occurred at the victim's home after she and Page began having consensual sex. The second incident occurred on May 24 with an 18-year-old female who was Page's casual acquaintance, with no prior history of sexual relations with him. Page persuaded her to take a drive with him and, ultimately, convinced her to go to a hotel room, where he raped her. The final incident occurred a day later, involving a 16-year-old female, who he kidnapped while waiting for a bus. Page took her to the same hotel and committed the sexual offenses in the same manner as the previous victims. Thus, the sequence revealed a pattern of attacks by Page where his prior "relationship" to the victims became further removed as he became more confident in not being apprehended.
 {¶ 19} Having found that Page cannot prove prejudice by the joinder, we find that his trial counsel was not deficient for failing to move for severance.[2] See State v. Eichorn,
Morrow App. No. 02CA953, 2003-Ohio-3415 (defense counsel was not deficient for failing to move for severance when the evidence would be admissible to show motive, intent, scheme, or plan in committing the alleged acts of sexual abuse).
 {¶ 20} Page's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Sweeney, J. Concur.
[1] Because Page does not challenge his convictions for the non-sexual offenses, i.e., kidnapping, aggravated robbery, having a weapon under disability, and possession of criminal tools, we need not address them.
[2] The fact that the trial court allowed his ex-girlfriend to testify as to Page's other sexual acts for purposes of establishing intent and plan, despite defense counsel's objection, reveals that any attempt by defense counsel to sever the rape offenses would have been futile.