JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Defendant Milton Addison (appellant) appeals the court's granting the state's motion to join for trial two criminal cases against him. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 3} On June 12, 2005, appellant abducted at gunpoint a 37-year-old female, brought her to his house in Maple Heights, Ohio, and sexually assaulted her. On December 11, 2005, appellant abducted at gunpoint a 17-year-old female, brought her to his house in Maple Heights, and sexually assaulted her. On January 25, 2006, appellant was indicted in Cuyahoga County Common Pleas Case No. CR-476081 for the following offenses occurring on December 11, 2005: kidnapping with a sexual motivation specification, aggravated robbery with a sexual motivation specification, and two counts of rape, all with firearm specifications. Also on January 25, 2006, appellant was indicted in Case No. CR-476082 for the June 12, 2005 events, including kidnapping with a sexual motivation specification, attempted rape, and gross sexual imposition, all with firearm specifications.
 {¶ 4} On January 9, 2007, the court granted the state's motion to consolidate the two cases for trial. On February 26, 2007, appellant pled no contest to all counts *Page 2 
as indicted. On March 2, 2007, the court sentenced appellant to ten years in prison and classified him a sexual predator.
 II {¶ 5} In his sole assignment of error, appellant argues that "the trial court erred in granting the State of Ohio's motion to join CR-476081 and CR-476082 for purposes of trial." Specifically, appellant argues that "joinder of these two cases was highly prejudicial, provided no permissible probative value and * * * served only to inflame the passions of the jury," because what happened to one victim had nothing to do with what happened to the other.
 {¶ 6} In State v. Boyd, Cuyahoga App. Nos. 82921-23, 2004-Ohio-368, we held that "pursuant to Crim.R. 8(A) and 13, two or more offenses can be tried together if the offenses are of the same character, based on connected transactions, or are part of a course of conduct. Generally, the law favors joining multiple offenses in a single trial under Crim.R. 8(A) if the offenses charged are of the same or similar character." A criminal defendant may oppose joinder as prejudicial under Crim.R. 14. However, joinder is proper if the circumstances of the other offense are admissible as `other crimes' evidence under Evid.R. 404(B), or, if not, if "the evidence of each crime is simple and distinct." State v.Schaim (1992), 65 Ohio St.3d 51, 59. Evid.R. 404(B) states that, generally, evidence of other crimes is inadmissible; however, it may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Page 3 
 {¶ 7} In the instant case, appellant argues that because DNA evidence confirmed his identity, the only issue is the two victims' credibility, and that one's testimony had nothing to do with the other's. Appellant analogizes his case to State v. Frazier, Cuyahoga App. No. 83024,2004-Ohio-1121, in which we found, in essence, that evidence of the defendant's other sexual acts was not similar enough to the sexual acts in question to show a modus operendi, as suggested by Evid.R. 404(B). However, appellant does present the details of the events underlying his crimes to support his position.
 {¶ 8} The state, on the other hand, argues that the instant case is analogous to State v. Page, Cuyahoga App. No. 84139, 2004-Ohio-6008, in which we held that "the sexual offenses involved a specific pattern of conduct" by the defendant. The state supports its position by noting the following similarities between the June 12, 2005 and December 11, 2005 events: both involved a sexual assault; appellant abducted both victims at gunpoint from streets within one block of each other; appellant took both victims back to his house to commit the offenses; force was used against both victims; and appellant's DNA showed that he was the perpetrator of the offenses against both victims.
 {¶ 9} We find that this evidence meets the first prong of theSchaim test as being admissible "other acts" evidence under Evid.R. 404(B), to prove a common scheme or plan, and not merely to show appellant's propensity for committing sexual assaults. *Page 4 
 {¶ 10} Accordingly, we find no error in the court's granting the state's motion to try the two cases together, and appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., JUDGE
 FRANK D. CELEBREZZE, JR., P.J., and MARY J. BOYLE, J., CONCUR *Page 1