[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Reed*, Slip Opinion No. 2026-Ohio-1174.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1174

THE STATE OF OHIO, APPELLANT, *v.* REED, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Reed*, Slip Opinion No. 2026-Ohio-1174.]

*Criminal law—Crim. R. 8(A) and 14—Crim.R. 8(A) permits offenses of same or similar character to be joined in a single indictment—Crim.R. 14 requires severance if a defendant is prejudiced by joinder—Severance is not required if evidence is simple and direct—In applying simple-and-direct test, the inquiry is on whether the evidence of each offense is separate and direct, whether the evidence is uncomplicated, and whether jury is likely to be confused—Trial court did not abuse its discretion in determining that joinder was not prejudicial, because the evidence was simple and direct—Court of appeals' judgment reversed and trial court's judgment and sentence reinstated.*

No. 2024-0522—Submitted May 13, 2025—Decided April 3, 2026.

APPEAL from the Court of Appeals for Fairfield County,

No. 2023 CA 00012, 2024-Ohio-43.

_____

DEWINE, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DETERS, HAWKINS, and SHANAHAN, JJ., joined. BRUNNER, J., dissented, with an opinion.

**DEWINE, J.**

{¶ 1} Jeremy Reed was charged in a single indictment with committing sex crimes against four young girls. Before trial, he moved to sever the charges against him so that he would be tried in four separate trials. After the trial court denied his motion, he pleaded no contest. On appeal, the Fifth District Court of Appeals held that the trial court abused its discretion in denying severance and vacated Reed's plea.

{¶ 2} The State now appeals. The question before us is whether Reed carried his burden to affirmatively demonstrate to the trial court that a single trial on all charges would prejudice his rights, and thus, whether the trial court abused its discretion in denying severance. Because we conclude that Reed did not meet this burden, we reverse the judgment of the court of appeals.

## I. FACTS AND PROCEDURAL HISTORY

### A. Four Victims, 22 Counts, and a Single Indictment

{¶ 3} A grand jury indicted Reed on 22 criminal counts, all relating to his sexual abuse of four young girls. The indictment charged Reed with various counts of the rape of a child under the age of 13, sexual imposition and gross sexual imposition, and kidnapping with a sexual-motivation specification. The alleged conduct occurred from 2003 to 2020.

{¶ 4} Because Reed pleaded no contest and did not stand trial, the record contains few facts about the crimes with which Reed was charged. In its opposition

to Reed's motion to sever, however, the State detailed "[a]nticipated facts that w[ould] be shown at trial." The following factual summary is drawn from the indictment and the State's "anticipated facts."

{¶ 5} Reed was romantically involved with the mother or grandmother of each victim at the time they were abused. The first victim was T.S., whom Reed abused from May 2003 to May 2009, beginning when she was nine years old. He would come into her room in the middle of the night multiple times a week to pull down her underwear and touch her genitalia.

{¶ 6} The second and third victims were sisters—G.K. and L.K. Reed was indicted for abusing G.K. between July 2014 and July 2018, beginning when she was eight years old. Sometimes he would come into her room at night, pull down her underwear, and touch her genitalia. Other times he would take her to the bathroom, put his penis between her thighs, and force her to perform oral sex on him or manually stimulate him. Reed would also take G.K. on camping trips, during which he would sexually assault her.

{¶ 7} Reed was indicted for abusing L.K. between May 2016 and June 2018, beginning when she was six or seven years old. He would enter the bathroom while she was using it and force her to perform oral sex on him.

{¶ 8} The fourth and most recent victim was A.M. The period of abuse specified in the indictment was from August 25, 2018, to January 3, 2020. Reed assaulted her when she was seven years old. One night, A.M. went to sleep in her grandmother's and Reed's shared bed. The grandmother awoke to find Reed rubbing A.M.'s upper thigh.

**B. Reed Moves to Sever the Charges into Four Separate Trials**

{¶ 9} Before his scheduled trial date, Reed moved to sever the charges against him. He argued that the charges were improperly joined under Crim.R. 8(A) and that joinder was prejudicial to him under Crim.R. 14. Crim.R. 8(A)

permits offenses to be joined in a single indictment when the offenses are "of the same or similar character." Even when offenses are properly joined, Crim.R. 14 requires severance "[i]f it appears that a defendant . . . is prejudiced by [the] joinder."

{¶ 10} Reed did not request an oral or evidentiary hearing on the motion. And his motion offered few specific facts to support severance. He made a cursory argument that the offenses were not properly joined under Rule 8(A) because "it does not appear that any of [the] permissible grounds for joinder exist. The offenses relate to separate victims and are not related temporally and do not involve the same alleged incident."

{¶ 11} Reed also argued that joinder was prejudicial to him under Crim.R. 14. He contended that "[i]n this case, such prejudice seems clear." Citing caselaw on the admissibility of other-acts evidence, Reed maintained that "[n]one of the evidence or allegations relating to the offenses with regard to one victim would be admissible against [Reed] in the prosecution of the offense that is regarding any other victim," so joinder would taint the jurors "with respect to the independent allegations set forth in the various offenses."

{¶ 12} The State opposed the motion for severance. It argued that joinder was proper under Crim.R. 8(A) because the offenses were of the same or similar character. It also suggested that joinder would conserve judicial resources because if the charges were severed, the State's investigative witness and expert witness would be required to testify in multiple trials.

{¶ 13} The State asserted that Reed's conclusory statements did not satisfy his burden to establish prejudice. It argued that the evidence was not prejudicial because even in separate trials, testimony from the other victims would be admissible as other-acts evidence under Evid.R. 404(B) to show that Reed "repeatedly engaged in a common scheme or pattern in choosing his minor female

victims whom he could isolate while he lived with their mothers or grandmother." Alternatively, the State argued that joinder was not prejudicial because the evidence was simple and direct, in that each victim was expected to testify to her own specific abuse, which occurred in different time periods and at different locations.

{¶ 14} The trial court denied Reed's motion to sever. Fairfield C.P. No. 2021-CR-556, 2-3 (May 2, 2022). It determined that the evidence was simple and direct, noting that "the State will be introducing evidence of each distinct crime involving each of the four alleged victims about specific detail on how the alleged abuse occurred, when it began, and how long it continued." *Id.* at 2. The court stated that it would "give a specific instruction to the jury that each count and victim should be considered from its own evidence and that the jury verdict on one count must not influence the other counts." *Id.* Based on its determination that the evidence was simple and direct and its intended jury instruction, the court concluded that the State had overcome Reed's claim of prejudice. *Id.* at 2-3.

{¶ 15} Reed eventually pleaded no contest to two amended counts of rape and two counts of gross sexual imposition. All other charges were dismissed. The trial court accepted Reed's pleas, found him guilty of the four charges, and sentenced him to an aggregate minimum prison term of 28 years to an aggregate maximum prison term of 33 years.

### C. Reed Appeals the Denial of the Motion to Sever

{¶ 16} Reed appealed to the Fifth District Court of Appeals, challenging the denial of his motion to sever. 2024-Ohio-43, ¶ 6 (5th Dist.). Following oral argument, the court asked for supplemental briefing on "whether a no contest plea preserves a defendant's right to appeal an adverse ruling on a motion to sever." *Id.* at ¶ 7. Both Reed and the State argued that a no-contest plea preserves that right. The court agreed with the parties and proceeded to the merits of Reed's appeal. *Id.* at ¶ 8.

**{¶ 17}** The court of appeals held that the trial court abused its discretion by denying the motion to sever because joinder of the charges was prejudicial to Reed. *Id.* at ¶ 23, 27. The court of appeals first considered whether the State could have introduced evidence from each victim if separate trials were conducted. It assumed that Reed's defense at trial would be "deny[ing] perpetrating the offenses altogether" and thus other-acts evidence would not be necessary to negate a defense of accident or identity. *Id.* at ¶ 22.

**{¶ 18}** Turning to the question whether the evidence was "simple and direct," the court opined that "[a]lthough the offenses involved four different female victims and each victim was a minor at the time the acts were perpetrated upon them, the offenses against each victim occurred years apart, and, [thus], the danger of a jury improperly considering testimony on one offense as corroborative of another alleged offense is significant." *Id.* at ¶ 26. It also noted that "the offenses against each victim varied in degree from gross sexual imposition to kidnapping to rape." *Id.* Thus, it found that "the fact-finder would have had a difficult time looking at the evidence in support of 'each offense as simple and distinct because the temptation would be too great to respond to the evidence emotionally rather than rationally.' " *Id.*, quoting *State v. Frazier*, 2004-Ohio-1121, ¶ 18 (8th Dist.). Because it held that the State did not overcome Reed's showing of prejudice, the Fifth District reversed the trial court's judgment and vacated Reed's plea, *id.* at ¶ 29. Judge Delaney dissented from the majority's judgment, opining that Reed had failed to meet his burden of demonstrating prejudice in his "conclusory motion to sever." *Id.* at ¶ 31 (Delaney, J., dissenting).

**{¶ 19}** The court of appeals denied the State's request for en banc review. No. 2023 CA 00012, 3 (5th Dist. Feb. 28, 2024). Although six judges comprise the Fifth District, only the original three-judge panel that decided the direct appeal signed the denial of en banc consideration.

## II. ANALYSIS

{¶ 20} We accepted the State's appeal on four propositions of law. *See* 2024-Ohio-2781. The first three are directed at the court of appeals' conclusion that the trial court abused its discretion in denying the motion to sever. In these propositions, the State argues (1) that the trial court did not abuse its discretion by overruling a boilerplate motion to sever, (2) that the court of appeals erred by considering information not before the trial court, and (3) that the court of appeals misapplied the tests for determining whether severance was appropriate. In its fourth proposition, the State argues that the plain language of App.R. 26 requires all judges sitting on a court of appeals to vote on applications for en banc consideration. We consider the State's first three propositions together, and based on our conclusion that the trial court did not abuse its discretion in denying the motion to sever, we do not reach the State's challenge to the Fifth District's en banc procedure.

### A. Review of the Denial of a Motion to Sever

{¶ 21} Crim.R. 8 allows joinder in a single indictment of two or more offenses that are of a "similar character." Crim.R. 8(A). Under Crim.R. 14, however, a court shall sever the charges if it appears "that a defendant or the state is prejudiced by a joinder of offenses." The burden is on the defendant to "affirmatively show[]" that joinder would prejudice the defendant's rights. *State v. Torres*, 66 Ohio St.2d 340, 343 (1981). This burden is met only if the defendant "furnish[es] the trial court with sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial." *Id.*

{¶ 22} "When a defendant claims that he was prejudiced by the joinder of multiple offenses, a court must determine (1) whether evidence of the other crimes would be admissible even if the counts were severed, and (2) if not, whether the evidence of each crime is simple and distinct." *State v. Schaim*, 1992-Ohio-31,

¶ 24. Thus, the State can overcome a claim of prejudice by showing that it could permissibly introduce evidence of the other crimes at separate trials as "other acts" evidence under Evid. R. 404(B). *State v. Lott*, 51 Ohio St.3d 160, 163 (1990). Alternatively, the State can overcome a claim of prejudice by showing that the evidence is simple and direct, "so that the jury is believed capable of segregating the proof on each charge." *State v. Roberts*, 62 Ohio St.2d 170, 175 (1980). Under this second method, "the state is not required to meet the stricter 'other acts' admissibility test, but is merely required to show that evidence of each crime joined at trial is simple and direct." *Lott* at 163; *see also United States v. Gooch*, 665 F.3d 1318, 1337 (D.C.Cir. 2012), quoting *Drew v. United States*, 331 F.2d 85, 91 (D.C.Cir. 1964) ("there is 'no prejudicial effect from joinder when the evidence of each crime is simple and distinct, even though such evidence might not have been admissible in separate trials' "). The State need only show that one of these tests is met to overcome a defendant's claim of prejudice under Crim.R. 14. *See Lott* at 163.

{¶ 23} A trial court's decision to deny severance is reviewed for abuse of discretion. *Torres* at 343. "We have defined an abuse of discretion as conduct that is unreasonable, arbitrary or unconscionable." *State v. Beasley*, 2018-Ohio-16, ¶ 12. A defendant challenging the denial of a motion to sever under Crim.R. 14 "bears a heavy burden," *State v. Ford*, 2019-Ohio-4539, ¶ 106, because the defendant "must affirmatively demonstrate" three things to prevail on appeal, *Schaim* at ¶ 23. First, the defendant's rights were prejudiced. *Id.* Second, the defendant provided the trial court enough information to "weigh the considerations favoring joinder against [his] right to a fair trial." *Id.* And third, given the information the defendant provided the trial court, it abused its discretion in denying his motion to sever. *Id.*

{¶ 24} Focusing on the prejudice prong of the test, the Attorney General, as amicus curiae, asks us to adopt a presumptive rule that a defendant may not appeal a trial court's decision denying a motion to sever after pleading no contest. As the Attorney General explains, determining whether a defendant who has pleaded no contest is prejudiced by the trial court's ruling denying severance requires us to imagine a hypothetical trial. The problem is that it is almost impossible to know how the evidence would come in at a hypothetical trial or what its impact would be on hypothetical jurors. And without knowing the theories that the attorneys would pursue, it is difficult—if not impossible—in most cases to decide if other-acts evidence would be admissible for some permissible purpose or if the evidence of the crimes was simple and direct.

{¶ 25} We recognize that a defendant who has pleaded no contest bears a particularly difficult burden in establishing that he has been prejudiced by the denial of a motion to sever. But we decline to adopt the Attorney General's presumptive rule in this case for two reasons. First, Crim.R. 12(I) provides that a no-contest plea "does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion." Second, neither the State nor Reed has argued to this court that Reed's no-contest plea waived his right to challenge the denial of the motion to sever.

## B. Reed Failed to Establish That the Trial Court Abused Its Discretion in Denying the Motion to Sever

{¶ 26} The law favors "joinder and the avoidance of multiple trials . . . for many reasons, among which are conserving time and expense, diminishing the inconvenience to witnesses and minimizing the possibility of incongruous results in successive trials before different juries." *Torres*, 66 Ohio St.2d at 343; *see also Schaim*, 1992-Ohio-31, at ¶ 20 ("Joinder is liberally permitted to conserve judicial resources, reduce the chance of incongruous results in successive trials, and

diminish inconvenience to the witnesses."). Indeed, a court's discretion to allow joinder of offenses in a single trial has deep common-law roots. *See United States v. Lotsch*, 102 F.2d 35, 36 (2d Cir. 1939) (L. Hand, J.).

{¶ 27} A trial court's initial inquiry on a motion to sever is whether the offenses were properly joined under Crim.R. 8(A). In its entry denying the motion, the trial court cited the provision of Crim.R. 8 that allows for joinder of offenses "if the offenses charged . . . are of the same or similar character," Crim.R. 8(A). Reed argues that the offenses were not of a similar character because they involved "completely different witnesses and completely different fact patterns." We disagree. The charges in this case all involved sex crimes that Reed was alleged to have committed against minor victims while in a relationship with their mother or grandmother. The offenses were of a similar character and thus properly joined under Crim.R. 8(A). *See Schaim* at ¶ 18-19 (sex-crimes charges involving a 20-year-old daughter, an adult employee, and a daughter who was under 13 properly joined under Crim.R. 8(A)).

{¶ 28} The next step is to consider whether joinder was prejudicial to the defendant under Crim.R. 14. The trial court premised its denial of the motion to sever on its conclusion that the evidence was simple and direct. Fairfield C.P. No. 2021-CR-556 at 2-3 (May 2, 2022). In its review, the Fifth District focused primarily on the question whether the evidence would be admissible as other-acts evidence. *See* 2024-Ohio-43 at ¶ 17-26 (5th Dist.). As we have explained, the State can negate a claim of prejudice by satisfying either the other-acts or the simple-and-direct test. Because it was the focus of the trial court order, we begin with the simple-and-direct test. And because we conclude that the trial court did not abuse

its discretion in finding the evidence simple and direct, we need not consider whether the evidence would be admissible other-acts evidence.[1]

{¶ 29} As the State argues in its first proposition of law, it was Reed's "burden [to] furnish[] the trial court with sufficient information so that it [could] weigh the considerations favoring joinder against [his] right to a fair trial," *Torres*, 66 Ohio St.2d at 343. Yet Reed provided remarkably little to the trial court in support of his motion to sever. He did not identify the theories he intended to pursue at trial. Nor did he articulate any case-specific theory of prejudice. Rather, his motion rested on the premise that it is inherently prejudicial to join multiple sex offenses because evidence of one crime might taint the jury in its consideration of others. But, of course, "there is always the possibility of prejudice in joining separate instances of any offense in the same indictment." *State v. Strobel*, 51 Ohio App.3d 31, 32-33 (3d Dist. 1988). Reed needed to demonstrate based on the specific facts of his case that prejudice was likely to occur.

{¶ 30} To support his claim of prejudice, Reed relied solely on Evid.R. 404(B), asserting that the allegations regarding the other victims would be irrelevant and inadmissible in the prosecution of offenses not involving those victims and that "[i]f joinder is permitted, the jurors would be tainted with respect to the independent allegations set forth in the various offenses." But as the State correctly argues in its third proposition of law, even when evidence would be

_____

1. In the State's second proposition of law, it contends that the court of appeals erred by going outside the materials presented to the trial court in evaluating whether the trial court abused its discretion. Specifically, the State points to the Fifth District's determination that Reed's trial strategy would have been to "den[y] perpetrating the offenses altogether" and that other-acts evidence therefore would not be admissible to negate a defense of accident or identity, 2024-Ohio-43 at ¶ 22 (5th Dist.). The State is correct that the court of appeals erred by assuming without support in the trial court record that Reed would present a "complete denial" defense. Ultimately, however, because we ground our analysis in the simple-and-direct test, this error is immaterial to our resolution of the case.

inadmissible at separate trials under Evid.R. 404(B), severance is not required if the evidence is simple and direct, *Lott*, 51 Ohio St.3d at 163.

{¶ 31} In applying the simple-and-direct test, the inquiry is on whether the evidence of each offense is separate and direct, whether the evidence is uncomplicated, and whether the jury is likely to be confused. *See State v. Coley*, 2001-Ohio-1340, ¶ 41; *State v. Brooks*, 44 Ohio St.3d 185, 193 (1989). We have also said that the test considers "whether the trier of fact is likely to consider 'evidence of one [offense] as corroborative of the other.'" (Bracketed text in original.) *State v. Wiles*, 59 Ohio St.3d 71, 77 (1991), quoting *Dunaway v. United States*, 205 F.2d 23, 27 (D.C.Cir. 1953). That is because there is "always a danger when several crimes are tried together, that the jury may use the evidence cumulatively; that is, that, although so much as would be admissible upon any one of the charges might not have persuaded them of the accused's guilt, the sum of it will convince them as to all." *Lotsch*, 102 F.2d at 36. Thus, "[j]oinder may be prejudicial when the offenses are unrelated and the evidence as to each is very weak, but it is otherwise when the evidence is direct and uncomplicated and can reasonably be separated as to each offense." (Citations omitted.) *Torres*, 66 Ohio St.2d at 343-344.

{¶ 32} Reed did not make any argument before the trial court that the evidence was not simple and direct, or that the jury would not be able to segregate the evidence involving each victim. To the contrary, Reed acknowledged in his motion to sever that "[t]he witnesses and evidence the State will introduce with regard to each allegation is different and there appears to be no connection between the allegations."

{¶ 33} The indictment and the State's "anticipated facts" to be shown at trial likewise suggest that there would have been little danger of jury confusion in a consolidated trial. The offenses all related to distinct time periods, some separated

by as many as 17 years. The abuse occurred when Reed was living in three different households with three different women. Only the abuse of G.K. and L.K. occurred in the same home. All four victims were expected to testify separately to the abuse each experienced, and Reed did not proffer anything specific about their expected testimony that would likely lead to juror confusion.

{¶ 34} Nor did Reed make a case-specific argument about the strength of the evidence concerning any of the victims or the danger that the jury would use evidence of one charge to corroborate another. Further, the risk that the jury would improperly consider evidence of one offense as corroborative of another could have been minimized by the jury instruction that the trial court announced that it would give. *See State v. Loza*, 71 Ohio St.3d 61, 75 (1994) ("A jury is presumed to follow the instructions given to it by the trial judge."); *see also Opper v. United States*, 348 U.S. 84, 95 (1954) ("Our theory of trial relies upon the ability of a jury to follow instructions.").

{¶ 35} In its brief discussion of the simple-and-direct test, the court of appeals stated that the evidence would not be simple and direct because "the offenses against each victim occurred years apart." 2024-Ohio-43 at ¶ 26 (5th Dist.). We do not understand this conclusion. Temporal distance makes it easier—not more difficult—for a jury to segregate offenses. Indeed, the Fifth District itself has held separate offenses committed one year apart to be "clearly laid out for the jury" and therefore simple and direct. *State v. Meeks*, 2015-Ohio-1527, ¶ 99 (5th Dist.).

{¶ 36} The court of appeals also suggested that "the fact-finder would have had a difficult time looking at the evidence in support of 'each offense as simple and distinct because the temptation would be too great to respond to the evidence emotionally rather than rationally.'" 2024-Ohio-43 at ¶ 26 (5th Dist.), quoting *Frazier*, 2004-Ohio-1121, at ¶ 18 (8th Dist.). But the simple-and-direct test

concerns the evidence to be presented at trial, not the nature of the crime alleged. The question is whether the evidence "can reasonably be separated as to each offense," *Torres*, 66 Ohio St.2d at 344. We cannot presume that because evidence might provoke an emotional response, jurors are incapable of segregating such evidence in their minds. *See, e.g.*, *State v. Clinton*, 2017-Ohio-9423, ¶ 3, 42, 48 (it was not an abuse of discretion in a capital case to allow joinder of charges involving the rape of one victim and the rape and murder of another victim less than one week apart); *State v. Dean,* 2015-Ohio-4347, ¶ 58, 64 (it was not an abuse of discretion in a capital case to allow joinder of charges when, on separate dates, the defendant shot at two people at a convenience store, engaged in a drive-by shooting, and committed murder); *State v. Ashcraft*, 2009-Ohio-5281, ¶ 19 (12th Dist.) ("Ohio appellate courts have upheld joinder in sex abuse cases involving multiple child victims where the evidence as to each offense is separate, uncomplicated and sufficient to support a conviction without necessitating the use of evidence relating to other offenses.").

{¶ 37} Reed had the "burden of furnishing the trial court with sufficient information," *Torres* at 343, to establish that joinder would prejudice his rights. Based on the limited information provided to the trial court, we conclude that the trial court did not abuse its discretion in determining that joinder was not prejudicial because the evidence was simple and direct. We reverse the court of appeals' judgment to the contrary.

**C. We Do Not Reach the State's Challenge to the Fifth District's En Banc Voting Procedure**

{¶ 38} The court of appeals' judgment denying the State's request for en banc consideration was signed by the three judges who heard Reed's appeal. The State argues that this was error because the request for en banc consideration should have been submitted to all six judges who comprise the Fifth District Court of

14

Appeals.  In support of its position, the State notes the tension between the plain language of App.R. 26 and the procedure employed by the Fifth District.

{¶ 39} The issue identified by the State may merit consideration in another case.  But we have no occasion to reach it today.  Our determination that the court of appeals erred in concluding that the trial court abused its discretion in denying severance renders moot the State's challenge to the procedures employed by the court of appeals in denying reconsideration of that decision.  Because any decision would be purely advisory, we decline to address the State's fourth proposition of law. *See Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970).

### III. CONCLUSION

{¶ 40} The trial court did not abuse its discretion in denying Reed's motion to sever. We reverse the judgment of the Fifth District Court of Appeals, and we reinstate the trial court's judgment and sentence.

Judgment reversed.

_____

**BRUNNER, J., dissenting.**

{¶ 41} I respectfully dissent.  In my view, the Fifth District Court of Appeals correctly held that the trial court abused its discretion by denying appellee Jeremy Reed's motion to sever.  I would therefore affirm the judgment of the Fifth District reversing the trial court's judgment.

{¶ 42} "When a defendant claims that he was prejudiced by the joinder of multiple offenses, a court must determine (1) whether evidence of the other crimes would be admissible even if the counts were severed, and (2) if not, whether the evidence of each crime is simple and distinct." *State v. Schaim*, 1992-Ohio-31, ¶ 24.  Appellant, the State of Ohio, may rebut a claim of prejudice by establishing that either of these points is in its favor. *See State v. Lott*, 51 Ohio St.3d 160, 163 (1990).

**{¶ 43}** The court of appeals correctly determined that if separate trials were held for each victim, the evidence concerning other victims would not be admissible in each case. In its merit brief, the State points to Evid.R. 404(B) and claims that the evidence concerning each victim would be admissible "other acts" evidence showing that Reed "had a common scheme, plan, and/or system when he sexually abused each of his victims." *See* Evid.R. 404(B)(2) (stating that other-acts evidence "may be admissible for [the] purpose [of] . . . proving . . . [the existence of a] plan"). As an initial matter, I question whether the State has sufficiently explained "exactly how the evidence connects to a proper purpose without relying on any intermediate improper-character inferences," *State v. Hartman*, 2020-Ohio-4440, ¶ 23, and how that purpose goes "to a 'material' issue that is actually in dispute between the parties," *id.* at ¶ 27. The State argues that similarities in the criminal conduct against each victim would show that Reed followed a pattern when committing his crimes, which indicates that he acted under a "common scheme, plan, and/or system." But this reasoning could just as well be described as presenting a *propensity* argument—that if Reed committed sexually oriented crimes against one minor in his house in a particular way then he must have committed similar crimes against others—which is clearly prohibited by Evid.R. 404(B). As we explained in *Hartman*:

> There may be instances in which seemingly unrelated but highly similar crimes could be evidence of a common scheme to commit the charged crime—perhaps, for instance, a string of robberies occurring close in time and location. We stress, however, that plan evidence should show that the crime being charged and the other acts are part of the same grand design by the defendant. Otherwise, proof that the accused has committed similar crimes is

no different than proof that the accused has a propensity for committing that type of crime. The takeaway for the jury becomes, "The accused did it once recently; therefore, the accused did it again."

*Id.* at ¶ 46, quoting Imwinkelried, *Using a Contextual Construction to Resolve the Dispute over the Meaning of the Term "Plan" in Federal Rule of Evidence 404(b)*, 43 U.Kan.L.Rev. 1005, 1012 (1995).

**{¶ 44}** We need not decide the Evid.R. 404(B)(2) issue in this case, however, because even if the evidence concerning each victim could be admitted under that rule for a nonpropensity purpose, it must still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice," Evid.R. 403(A). In my view, the probative value of the other-acts evidence is substantially outweighed by the danger of unfair prejudice. As the court of appeals recognized, the risk of prejudice in this case was elevated by the "inflammatory nature of the offenses," the "'severe social stigma'" attached to sexually oriented crimes against minors, and the fact that "[m]ultiple charges involving multiple victims inherently has a synergistic effect of prompting jurors to consider each separate allegation as propensity evidence." 2024-Ohio-43, ¶ 23 (5th Dist.), quoting *State v. Short*, 2015-Ohio-3183, ¶ 49 (5th Dist.); *see also State v. Slaven*, 2010-Ohio-6400, ¶ 33 (5th Dist.) ("The similarities between the sexual abuses committed against each victim and the inflammatory nature of the offenses elevate the risk of prejudice to the degree that the trial court should have severed the offenses.").

**{¶ 45}** The court of appeals also correctly determined that the simple-and-direct test favored Reed. As the majority opinion notes, the test requires a court to consider whether the evidence is uncomplicated and whether the jury is likely to be

confused. Majority opinion, ¶ 31, citing *State v. Coley*, 2001-Ohio-1340, ¶ 41, and *State v. Brooks*, 44 Ohio St.3d 185, 193 (1989). The simple-and-direct test focuses on "whether the trier of fact is likely to consider 'evidence of one [offense] as corroborative of the other.' " (Bracketed text in original.) *State v. Wiles*, 59 Ohio St.3d 71, 77 (1991), quoting *Dunaway v. United States*, 205 F.2d 23, 27 (D.C.Cir. 1953). Overall, the evidence is simple and direct when "the jury is believed capable of segregating the proof on each charge." *State v. Roberts*, 62 Ohio St.2d 170, 175 (1980).

{¶ 46} I agree with the court of appeals that "the danger of a jury improperly considering testimony on one offense as corroborative of another alleged offense is significant," 2024-Ohio-43 at ¶ 26 (5th Dist.). As noted, the allegations against Reed have clear similarities—i.e., the victims were of similar ages, Reed was dating the victims' mother or grandmother when the conduct occurred, and the type of criminal conduct itself. The nature of the allegations is also likely to evoke a strong emotional response in jurors. As a result, there was a risk that if a juror believed the evidence was strong with respect to one victim but weak as to the others, the juror may believe that Reed's proven conduct against one victim corroborated the allegations concerning the other victims, even if the evidence concerning those allegations was weak. *See Schaim*, 1992-Ohio-31, at ¶ 30 ("Given the highly inflammatory nature of the offenses, the similarities between portions of [the two victims'] testimony, and the fact that joinder allowed the state to circumvent the prohibition on other acts testimony, we conclude that the defendant was prejudiced by the consolidated trial."). As the court of appeals put it, "the fact-finder would have had a difficult time looking at the evidence in support of each offense as 'simple and distinct because the temptation would be too great to respond to the evidence emotionally rather than rationally.'" 2024-Ohio-43 at ¶ 26 (5th Dist.), quoting *State v. Frazier*, 2004-Ohio-1121, ¶ 18 (8th Dist.).

{¶ 47} For these reasons, the Fifth District Court of Appeals correctly held that the trial court erred by denying Reed's motion to sever, and I would therefore affirm its judgment.  Because the court does not affirm the judgment, I respectfully dissent.

―――――――――――

R. Kyle Witt, Fairfield County Prosecuting Attorney, and Sarah A. Hill and Austin R. Lines, Assistant Prosecuting Attorneys, for appellant.

Palmer Legal Defense and Stephen E. Palmer, for appellee.

Dave Yost, Attorney General, Mathura J. Sridharan, Solicitor General, and Michael J. Hendershot, Chief Deputy Solicitor General, urging reversal for amicus curiae Ohio Attorney General Dave Yost.

Steven L. Taylor, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.

―――――――――――